# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Matthew Conley and Candi Conley

## DEFENDANTS

Abbott Laboratories

**(b)** County of Residence of First Listed Plaintiff    York County, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Cook County, Illinois
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas P. Lang
Two West Market Street P.O. Box 952
York, PA 17405

Attorneys *(If Known)*
William J. McDonough, Esquire
1717 Arch Street, Three Logan Square, Suite 3100
Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                 *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☒ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441

Brief description of cause:
Plaintiffs allege personal injuries based on the implantation of a medical device, a DRG stimulator.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE
02/18/2020

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Matthew Conley and Candi Conley )<br>)<br>)<br>)<br>, )<br>)<br>**Plaintiff(s),** )<br>)<br>**v.** )<br>)<br>Abbott Laboratories )<br>)<br>)<br>)<br>_____, )<br>)<br>**Defendant(s)/** )<br>**Third-Party Plaintiff(s),** )<br>)<br>**v.** )<br>)<br>)<br>)<br>)<br>)<br>, )<br>)<br>**Third-Party Defendant(s).** )<br>_____) | **Civil Action No.** _____ |

## DISCLOSURE STATEMENT PURSUANT TO Fed. R. Civ. P. 7.1
## (Civil Action)

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, <u>Defendant</u>_____,
(type of party)

who is <u>Abbott Laboratories</u>_____, makes the following disclosure:
(name of party)

Page 1 of  2

1.    Is the party a non-governmental corporate party?

☑ YES        ☐ NO

2.    If the answer to Number 1 is "yes," list below any parent corporation or state that there is no such corporation:

There is no such corporation.

3.    If the answer to Number 1 is "yes," list below any publicly-held corporation that owns 10% or more of the party's stock or state that there is no such corporation:

There is no such corporation.

The undersigned party understands that under Rule 7.1 of the Federal Rules of Civil Procedure, it must promptly file a supplemental statement upon any change in the information that this statement requires.

_____
Signature of Counsel for Party

Date: February 18, 2020

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW CONLEY and CANDI CONLEY,<br><br>             Plaintiffs,<br><br>    v.<br><br>ABBOTT LABORATORIES,<br><br>             Defendant. | Case No.: _____<br><br>[Removal from the Court of Common Pleas of York County, Pennsylvania – Case No. 2020-SU-000236]<br><br>**JURY DEMAND** |

## DEFENDANT'S NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT** Defendant Abbott Laboratories ("Defendant" or "Abbott"), by and through undersigned counsel, hereby removes the above-captioned action from the Court of Common Pleas of York County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania.  Removal is based on 28 U.S.C. §§ 1332, 1441, and 1446.

In support of this Notice of Removal, Defendant states as follows:

## I.     PROCEDURAL BACKGROUND

On January 23, 2020, Plaintiffs Matthew Conley and Candi Conley ("Plaintiffs") commenced this civil lawsuit, entitled *Conley v. Abbott Laboratories*, Case No. 2020-SU-000236, by filing a Complaint in the Court of Common Pleas of

York County, Pennsylvania.[1]  Defendant was served with this Complaint on January 30, 2020.  *See* Exhibit A.  There have been no further pleadings in this matter.

Plaintiffs allege that on February 12, 2018, Plaintiff Matthew Conley had a DRG (Dorsal Root Ganglion) stimulator placed in an attempt to treat chronic nerve pain from an amputation of his leg below the knee.  Compl. ¶¶ 5-6.  It is further alleged that the stimulator was manufactured, sold, and placed in the stream of commerce by St. Jude Medical, Inc.[2]  Compl. ¶ 7.  Plaintiffs allege the stimulator "malfunctioned" by not going into "MRI mode" – which necessitated the removal of the product and its replacement with a spinal cord stimulator.  Compl. ¶¶12-14.  Plaintiffs allege various injuries resulting from this explant, including infection, mental and physical pain and suffering, loss of life's pleasures, loss of consortium, medical expenses, and a severe limitation in the pursuit of daily activities.  Compl. ¶¶ 16-20.

As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Abbott has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to

---

[1] Pursuant to 28 U.S.C. § 1446(a), Defendant has attached copies of all process, pleadings, and orders served on it in the above-referenced action as Exhibit "A" to this Notice of Removal.

[2] St. Jude Medical, Inc. was acquired by Abbott Laboratories on January 4, 2017, and thereafter became known as St. Jude Medical, LLC, a subsidiary of Abbott Laboratories.

28 U.S.C. § 1332.

## II.    ABBOTT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

Abbott was served with the Complaint on January 30, 2020, and Defendant's Notice of Removal is thus timely filed within thirty days of the date of service – the time period required by 28 U.S.C. § 1446.  Further, venue is proper and this case is properly removed to this Court because the United States District Court for the Middle District of Pennsylvania embraces York County, Pennsylvania, where Plaintiffs' action is pending.  28 U.S.C. § 1441; *see* 28 U.S.C. § 118(b) (noting that the Middle District of Pennsylvania is comprised of York County, Pennsylvania, among other counties).

Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice with the Clerk of the Pennsylvania Court of Common Pleas of York County.  Attached hereto as Exhibit "B" is a copy of the Notice to the Clerk.

## III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C §§ 1332 AND 1441

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the action is between citizens of different states.

## A.    There Is Complete Diversity Of Citizenship

Plaintiffs reside as husband and wife at 7659 Woodland Drive, Spring Grove, Pennsylvania 17362.  Compl. ¶ 1.  Pursuant to Fed. R. Evid. 201(b)(2), the Court may take judicial notice of any facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Rea v. Hershey Co. 2005 Enhanced Mut. Separation Plan*, 2007 WL 776882, at *6 (M.D. Pa. Mar. 12, 2007).  A comprehensive public record search through Accurint® for Matthew Conley and Candi Conley revealed that each has lived in Pennsylvania since at least 1999, each received their social security number in Pennsylvania, and each has a Pennsylvania driver's license.  *See* relevant excerpts from the Accurint® Report, attached hereto as Exhibit "C".  Moreover, Mr. Conley owns property in York County, and Plaintiffs are both registered to vote in the State of Pennsylvania. *See id.*; *see also* Exhibit "D."[3]

Evidence of information such as place of residence, property ownership, state of driver's license, and voter registration, including over the period of time during which Plaintiffs' alleged injuries occurred, provides strong evidence establishing Pennsylvania citizenship.  *See, e.g.*, *Goad v. Gray*, 2010 WL 1979441, at *6 (M.D. Pa. Apr. 29, 2010), *report and recommendation adopted in part, rejected in part*,

---

[3] Information obtained from https://www.pavoterservices.pa.gov/Pages/VoterRegistrationStatus.aspx on February 4, 2020.

2010 WL 1979436 (M.D. Pa. May 17, 2010) ("[T]he [domicile] analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, [and] bank accounts and assets . . . in determining the citizenship of an individual."); *see generally* 13B C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure* § 3613, at 529-531 (1984 & Supp. 1986) (citing similar authorities).

According to the above-referenced objective factors, Plaintiffs are both residents and citizens of Pennsylvania under 28 U.S.C. § 1332.

Defendant Abbott Laboratories is a corporation organized under the laws of the State of Illinois, with its principal place of business in the State of Illinois. Abbott's corporate headquarters is located in Abbott Park, Illinois. Therefore, Defendant is a citizen of the State of Illinois for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332.

As the parties are each citizens of different States, complete diversity of citizenship is met.

## B.    The Amount In Controversy Requirement Is Met

Where, as here, a plaintiff does not specifically allege that the amount in controversy is less than the jurisdictional minimum, the case will be remanded only if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount specified in 28 U.S.C. § 1332(a). *See Frederico v. Home Depot*, 507 F.3d

188, 197 (3d Cir. 2007).  Thus, to oppose removal on this ground, a plaintiff must establish to a legal certainty that the amount in controversy will not be greater than $75,000.  *Id.* (applying the legal certainty test espoused in *Samuel-Bassett v. Kia Motors*, 357 F.3d 392 (3d Cir. 2004)); *Corwin Jeep Sales & Serv., Inc. v. Am. Motors Sales Corp.*, 670 F. Supp. 591, 596 (M.D. Pa. 1986).

The Court may consider the facts alleged in the Complaint as well as in the Notice of Removal.  *Corwin*, 670 F. Supp. at 596.  Further, the Court may examine the Complaint to determine whether it is "facially apparent" that the claim exceeds the jurisdictional amount.  *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 483 (W.D. Pa. 2009); *accord Chester v. May Dep't Store Co.,* 1999 WL 58642, at *1 (E.D. Pa. Jan. 28, 1999).  The Court may also consider summary judgment-type facts and other evidence relevant to the amount in controversy in making its determination.  *Lewis*, 610 F. Supp. 2d at 483. Additionally, the "amount in controversy is not measured by the low end of an open-ended claim but by a reasonable reading of the value of the rights being litigated."  *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

Plaintiffs' Complaint does not specify the amount of damages sought, but the allegations in the Complaint make it facially apparent that the amount in controversy exceeds the $75,000.00 jurisdictional threshold.  *See, e.g.*, *Bastemeyer v. Dollar Gen. Corp.*, 2005 WL 8167395, at *2 (M.D. Pa. June 8, 2005) (amount in controversy deemed to exceed the jurisdictional threshold where plaintiff alleged a

fractured left hip and "other painful injuries, possibly long-term disfigurement and loss of life's pleasures," and possible future medical treatment and expenses for the rest of her life); *see also Evans v. CDX Servs., LLC*, 528 F. Supp. 2d 599, 606 (S.D.W. Va. 2007) (denying remand where plaintiffs alleged injury but did not specify damages; "When the Court 'considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied.'"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint "obviously assert[ed] a claim exceeding $75,000" where plaintiff sought damages for alleged serious medical conditions and economic losses due to use of a prescription medication); *Russo v. Wal-Mart Stores E., L.P.*, 2017 WL 1832341, at *2 (M.D. Pa. May 8, 2017) ("[I]n the context of a personal injury lawsuit between diverse parties, severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue.") (internal citation omitted).

Similar to the allegations in *Bastemeyer*, Plaintiffs herein allege serious injuries, past and future damages of an emotional and physical nature, and future medical expenses (along with claims of loss of companionship, loss of life's pleasures, the need for major surgery, and severe infection, amongst others). *See generally* Compl. Plaintiffs bring claims for negligence, strict liability, breach of warranty, and loss of consortium, as well. *Id*. Should Plaintiffs succeed on their

claims, the amount sought certainly would be higher than $75,000.[4]  Regardless,

Plaintiffs here cannot establish that with such injuries and damages claimed, it is a

legal certainty that their recovery will be below the jurisdictional threshold.

Additionally, recent verdicts in medical device product liability cases taken to

trial in various counties in Pennsylvania further support that claims similar to those

alleged by Plaintiffs herein are in excess of $75,000.  *Carlino v. Ethicon, Inc.*, 2019

PA Super. 114, 208 A.3d 92, 99 (2019), *reargument denied* (June 12, 2019)

(affirming plaintiff verdict of $13,500,000 in product liability action involving

vaginal mesh product); *Hott vs. Badia, et al.*, 37 Pa. J.V.R.A. 5:C3, 2019 WL

2499396 (Pa. Com. Pl.) ($3,250,000 plaintiff verdict in medical malpractice case);

*Hansen v. Wyeth-Ayerst Laboratories*, JVR No. 428419, 2004 WL 3841335

---

[4] Moreover, Plaintiffs' counsel has already made a settlement demand far in excess of the jurisdictional amount.  If requested, Abbott will provide this demand for the Court's *in camera* review.  Courts in this jurisdiction have often found a settlement demand exceeding the jurisdictional requirement compelling for remand purposes. *Miller v. Progressive Cas. Ins. Co.*, 2008 WL 1774085, at *3 (M.D. Pa. Apr. 17, 2008) ("First, plaintiffs made a demand to the defendant seeking $200,000 to resolve the dispute. **Accordingly, plaintiffs themselves point to an amount in controversy that exceeds $75,000 and on those grounds we find that the jurisdictional prerequisite has been satisfied**.") (emphasis added); *see also Ketz v. Progressive Northern Ins. Co.,* 2007 WL 1726514 (M.D. Pa. June 14, 2007) (finding that when plaintiff made a settlement demand of $200,000 prior to filing the lawsuit "an independent appraisal of the claim's value reveals an amount in controversy of $200,000.").  In addition, to support this settlement demand, Plaintiffs' counsel cited a Medicare lien for a substantial sum, and other injuries claimed by Mr. Conley, including emotional stress and infection.  It is clear that the jurisdictional amount is satisfied.

(unknown state court, Pa.) ($2,135,000 plaintiffs' verdict in prescription drug case).

Thus, it is clear that the amount in controversy requirement has been met, exclusive of interest and costs.[5]

Defendant hereby reserves any and all rights to assert any and all defenses to Plaintiffs' Complaint, including, but not limited to, insufficiency of process, lack of personal jurisdiction, and improper venue.  Defendant further reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant respectfully removes Plaintiffs' action from the Court of Common Pleas of York County, Pennsylvania to this Court, pursuant to 28 U.S.C. § 1441, and requests that further proceedings be conducted in this Court as provided by law.

DATED this 18th day of February, 2020.

**REED SMITH LLP**

/s/ William J. McDonough
William J. McDonough, PA BAR # 79713
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Phone: 215-851-8281
Facsimile: 215-851-1420
E-mail: wmcdonough@reedsmith.com
*Counsel for Defendant*

---

[5] Defendant does not concede that Plaintiffs are entitled to recover more than $75,000.  Indeed, Defendant denies that Plaintiffs are entitled to recover any damages at all.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 18, 2020, I electronically filed this Notice of Removal and Certificate of Service with the Court using the CM/ECF system, and have also separately served Plaintiff's counsel, listed below:

**LAW OFFICES OF DALEE. ANSTINE, P.C.**
Thomas P. Lang, Esquire
Attorney I.D. #65481
Two West Market Street
P.O. Box 952
York, PA 17405
(717) 846 - 0606
tlang@4anstine.com

**REED SMITH LLP**

/s/ William J. McDonough
William J. McDonough, PA BAR # 79713
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Phone: 215-851-8281
Facsimile: 215-851-1420
E-mail:  wmcdonough@reedsmith.com

*Counsel for Defendant*

# EXHIBIT

# A

RECEIVED
YORK COUNTY PROTHONOTARY

2020 JAN 23  PM 3: 50

JUDICIAL CENTER YORK PA

IN THE COURT OF COMMON PLEAS ᴏF ᴄᴏᴜɴᴛʏ ᴏꜰ ᴘᴇNSYLVANIA

|  |  |  |
|---|---|---|
| MATTHEW CONLEY and CANDI | : | 2020-SU-000236 |
| CONLEY, | : | Thu, Jan 23, 2020 3:50 PM |
| **Plaintiff,** | : | |
|  | : | **CIVIL ACTION – LAW** |
| v. | : | |
|  | : | |
| ABBOTT LABORATORIES, | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

### NOTICE TO DEFEND, Pursuant to PA RCP No. 1018.1

YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth against you in the following pages, you must take action within twenty (20) days after this Amended Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a default judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE OF THE
YORK COUNTY BAR ASSOCIATION
YORK COUNTY BAR CENTER
137 EAST MARKET STREET
YORK, PENNSYLVANIA 17401
TELEPHONE:  (717) 854-8755

EN LA CORTE DE ALEGATOS COMUN DEL CONDADO DE YORK,
PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW CONLEY and CANDI CONLEY, | : | No. 2020-SU- |
| Plaintiff, | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | |
| ABBOTT LABORATORIES, | : | JURY TRIAL DEMANDED |
| Defendant | : | |

**AVISO PARA DEFENDER Conforme a PA RCP Num. 1018.1**

USTED HA SIDO DEMANDADO EN LA CORTE. Si usted desea defenderse de las quejas expuestas en las páginas siguientes, debe tomar acción dentro de veinte (20) días a partir de la fecha en que recibió la demanda y el aviso. Usted debe presentar comparecencia escrita en persona o por abogado y presentar en la Corte por escrito sus defensas o sus objeciones a las demandas enmendada en su contra. Se le avisa que si no se defiende, el caso puede proceder sin usted y la Corte puede decidir en su contra sin mas aviso o notificación por cualquier dinero reclamado en la demanda o por cualquier otra queja o compensación reclamados por el Demandante. **USTED PUEDE PERDER DINERO, O PROPRIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED.**

USTED DEBE LLEVAR ESTE PAPEL A SU ABOGADO ENSEGUIDA. SI USTED NO TIENE UN ABOGADO, VAYA O LLAME POR TELEFONO LA OFICINA FIJADA AQUI ABAJO. ESTA OFICINA PUEDE PROVEERE CON INFORMACION DE COMO CONSEGUIR UN ABOGADO.

SI USTED NO PUEDE PAGARLE A UN ABOGADO, ESTA OFICINA PUEDE PROVEERE INFORMACION ACERCA AGENCIAS QUE PUEDAN OFRECER SERVICIOUS LEGAL A PERSONAS ELIGIBLE AQ UN HONORARIO REDUCI

*SERVICIO DE REFERIDO A ABOGADO*
**COLEGIO DE ABOGADOS DEL CONDADO DE YORK**
**ABOGACIA DEL CONDADO DE YORK**
**CALLE MARKET #137 ESTE**
**YORK, PENNSYLVANIA 17401**
**TELEFONE: (717) 854-8755**

IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| MATTHEW CONLEY and CANDI CONLEY, | : | No. 2020-SU- |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION – LAW** |
| v. | : | |
| | : | |
| ABBOTT LABORATORIES, | : | **JURY TRIAL DEMANDED** |
| **Defendant** | : | |

## COMPLAINT

1.      The Plaintiffs, husband and wife, are adult individuals residing at 7659 Woodland Drive, Spring Grove, Pennsylvania 17362.

2.      The Defendant is a business entity with an address for service of 100 Abbott Park Road, Abbott Park, Illinois 60064, and owns a subsidiary Abbott Neuromodulation.

3.      On or about January 4, 2017, the Defendant acquired St. Jude Medical, Inc. as a wholly owned subsidiary.

4.      Subsequent to January 4, 2017, St. Jude Medical became Abbott Neuromodulation.

5.      Plaintiff Matthew Conley is a cancer patient who underwent a below the knee amputation to treat sarcoma.

6.      On February 12, 2018 Plaintiff Matthew Conley had a DRG (Dorsal Root Ganglion) stimulator placed in an attempt to treat his chronic nerve pain from his amputation.

7.     The DRG stimulator was manufactured, sold, and placed in the stream of commerce by St. Jude Medical, Inc.

8.     Plaintiff Matthew Conley had the stimulator regularly tested by a representative of St. Jude Medical.

9.     The last time the stimulator was tested was in December of 2018, and Plaintiff was not informed of any problems.

10.     Plaintiff Matthew Conley undergoes regular MRI scans to check for the presence of cancer.

11.     The stimulator had a switch that Plaintiff Matthew Conley could activate using his smart phone that would place the stimulator in "MRI mode" in order to have the MRI scan.

12.     On January 7, 2019, Plaintiff Matthew Conley was scheduled to undergo an MRI but could not due to the stimulator malfunctioning and not going into "MRI mode".

13.     Plaintiff Matthew Conley contacted his St. Jude Medical representative who informed the Plaintiff that the stimulator was not reading properly when it was tested in December 2018.

14.     On February 18, 2019, Plaintiff Matthew Conley underwent surgery to remove the DRG stimulator and have a spinal cord stimulator implanted.

15.     The surgery was performed at PennState Hershey by Dr. Michael Sather, with PennState Health Neurosurgery, who found the stimulator leads intact and undamaged.

16.     Following the surgery, Plaintiff Matthew Conley developed an infection and needed to be readmitted to the hospital.

17.     This accident occurred as a result of the negligence, strict liability, and breach of warranty of the Defendant and was due in no manner to any act, or failure to act, on the part of the Plaintiff.

18.     As a result, the Plaintiff suffered serious injuries including, but not limited to, surgical procedure, subsequent infection causing nausea, diarrhea, severe abdominal pain, mental anguish, and a severe shock to his nerves and nervous system.

19.     As a further result, the Plaintiff was forced to incur medical bills and expenses for the damages he has incurred, and he will continue to incur medical expenses in the future.

20.     As a further result, the Plaintiff has undergone, and in the future may undergo, great mental and physical pain and suffering, mental anguish and humiliation, loss of life's pleasures, and a severe limitation in his pursuit of daily activities, all to his great loss and detriment.

21.     This matter is alleged to exceed the applicable limits of arbitration, and a jury trial is hereby demanded.

**COUNT I**

**MATTHEW CONLEY**

**V.**

**ABBOTT LABORATORIES**

**<u>NEGLIGENCE</u>**

22.     The allegations contained in paragraphs 1 through 21, inclusive, are incorporated herein as fully as though set forth at length.

23.     The negligence of the Defendant consisted of the following:

a)   Designing, fabricating, assembling, manufacturing, labeling, selling, distributing and/or supplying of the DRG stimulator in a defective condition;

b)   Failing to design, fabricate, assemble, manufacture, label, sell, distribute, and/or supply the DRG stimulator with adequate safeguards to prevent the unit from not switching to "MRI mode";

c)   Designing, fabricating, assembling, manufacturing, labeling, selling, distributing, and/or supplying the DRG stimulator in such a manner that it was susceptible of malfunctioning;

d)   Failing to design, fabricate, assemble, manufacture, sell, label, distribute and/or supply the DRG stimulator in such a manner as to reasonably withstand and/or safeguard against dangerous amounts of force or energy to be anticipated;

e)   Failing to properly and adequately design, fabricate, manufacture, sell, label, distribute and/or supply the DRG stimulator in an adequate condition for users, such as the Plaintiff;

f)   Failing to properly and adequately test and/or inspect the DRG stimulator;

g)   Failing to provide, establish, and/or follow proper and adequate quality control methods so as to provide a safe product;

h)   Failing to design, fabricate, manufacture, sell, label, distribute and\or supply and\or safely develop and test their product in order to ensure or safeguard against the inherent risks of the product;

i)   Concealing from, and/or failing to disclose to the Plaintiff that the DRG stimulator was not functioning properly; and

j)   Designing, fabricating, assembling, manufacturing, labeling, selling, distributing, and/or supplying the DRG stimulator

without adequate warnings, cautions, and/or directions concerning the limitations of their product.

**WHEREFORE,** Plaintiff respectfully requests This Honorable Court to enter judgment against the Defendant in an amount in excess of the mandatory arbitration limits.

## COUNT II

## MATTHEW CONLEY

## V.

## ABBOTT LABORATORIES

## BREACH OF WARRANTY

24.     The allegations contained in paragraphs 1 through 23, inclusive, are incorporated herein as fully as though set forth at length.

25.     The Defendant expressly and impliedly warranted that the DRG stimulator which it, or its subsidiary company, St. Jude Medical, designed, manufactured, fabricated, assembled, labeled, distributed, and/or sold and placed into the stream of commerce, was reasonably fit for general use by the public.

26.     The aforesaid injuries and damages to the Plaintiff were caused by misrepresentations of material facts concerning the quality and/or character of the DRG stimulator, designed, manufactured, fabricated, assembled, distributed, labeled and sold by the Defendant and its subsidiary company, St. Jude Medical for which it is liable to the Plaintiff.

27.     In manufacturing, promoting, selling, supplying, and/or delivering the aforesaid DRG stimulator, the Defendant expressly warranted that the DRG stimulator complied with and

exceeded certain pertinent standards and may also have expressly warranted other facts about the DRG stimulator which may appear during the course of discovery procedures to be undertaken in accordance with the Pennsylvania Rules of Civil Procedure or at the trial of this cause.

28.     The aforesaid express warranties were breached by the Defendant in that the DRG stimulator did not conform to representations made; because the DRG stimulator was defective, and not functioning properly.

29.     In the manufacturing, promoting, selling, supplying, and/or delivering of the aforesaid DRG stimulator, the Defendant impliedly warranted that the DRG stimulator was merchantable, fit and safe for the particular purposes for which it was sold, and that it was free from defects.

30.     As a proximate result of the said breaches of warranty, the Plaintiff was caused and/or permitted to sustain the serious injuries and damages as described above.

**WHEREFORE,** Plaintiff respectfully requests This Honorable Court to enter judgment against the Defendant in an amount in excess of the mandatory arbitration limits.

**COUNT III**

**MATTHEW CONLEY**

**V.**

**ABBOTT LABORATORIES**

**STRICT LIABILITY**

31.     The allegations contained in paragraphs 1 through 30, inclusive, are incorporated herein as fully as though set forth at length.

32.   The Defendant knew, or should have known, that the DRG stimulator would be sold for use by the general public, including the Plaintiff and others similarly situated, and would be relied upon by such persons to be fit for the use and to accomplish the purpose for which it was manufactured, produced, processed, sold, supplied, distributed, advertised, and/or otherwise placed in the stream of commerce; and the Defendant, because of its position as manufacturer, producer, processor, seller, supplier, and distributor, is strictly liable to the Plaintiff for the following reasons:

a)   Defendant manufactured, distributed, and/or sold, and were in the business of, inter alia, manufacturing, distributing, and/or selling DRG stimulators;

b)   At the time of the manufacture and sale of the DRG stimulator by the Defendant or its subsidiary St. Jude Medical, the Defendant knew, or should have known, that the DRG stimulator would be used by the Plaintiff and/or persons similarly situated;

c)   The DRG stimulator was sold by the Defendant or its subsidiary St. Jude Medical in a defective condition to the Plaintiff;

d)   The Defendant expected that the product would reach users including the Plaintiff without substantial change in the condition in which it was sold;

e)   The DRG stimulator was defective when it reached the Plaintiff; and

f)   The Defendant failed to give adequate or sufficient warning or instruction about the risk of malfunction inherent in the product.

33.   As a direct and proximate result of the strict liability of the Defendant, the Plaintiff was caused to suffer and sustain injuries and damages as set forth herein.

**WHEREFORE,** Plaintiff respectfully requests This Honorable Court to enter judgment against the Defendant in an amount in excess of the mandatory arbitration limits.

**COUNT IV**

**CANDI CONLEY**

**V.**

**ABBOTT LABORATORIES**

34.     The allegations contained in paragraphs 1 through 33 are incorporated herein and made part hereof as fully as though set forth at length.

35.     Solely as a result of the negligence of the Defendant, and the resulting injuries to her spouse, Plaintiff, Candi Conley, has been deprived of the assistance, companionship and consortium of her husband, all of which has been to her great loss and detriment.   Said losses may continue for an unknown time into the future.

**WHEREFORE,** Plaintiff respectfully requests This Honorable Court to enter judgment against the Defendant in an amount in excess of the mandatory arbitration limits.

RESPECTFULLY SUBMITTED:
**LAW OFFICES OF DALE E. ANSTINE, P.C.**

Thomas P. Lang, Esquire
Attorney I.D. #65481
Two West Market Street
P.O. Box 952
York, PA  17405
(717) 846 – 0606
tlang@4anstine.com

## VERIFICATION

**WE HEREBY VERIFY** that the information set forth in the foregoing **Complaint** is true and correct to the best of our knowledge, information and belief.   We understand that any false statements contained herein are subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

Date: _1-23-2020_

_Matthew Conley_
Matthew Conley

Date: _1-23-2020_

_Candi Conley_
Candi Conley

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:  Thomas P. Lang, Esquire

Signature: _____

Name:    Thomas P. Lang
Attorney No. (if applicable): 65481

# SHERIFF'S OFFICE OF YORK COUNTY



**Richard P Keuerleber**
*Sheriff*

**Christopher A. Ferro, Esq.**
*Solicitor*

**Steven Diehl**
*Chief Deputy, Operations*

**Richard E Rice, II**
*Chief Deputy, Administration*

| | |
|---|---|
| MATTHEW CONLEY<br>vs.<br>ABBOTT LABORATORIES | **Case Number**<br>2020-SU-000236 |

## SHERIFF'S RETURN OF SERVICE

01/27/2020   I, RICHARD P KEUERLEBER, SHERIFF, WHO BEING DULY SWORN ACCORDING TO LAW, STATES HE SENT BY CERTIFIED MAIL A TRUE COPY OF THE REQUESTED COMPLAINT IN CIVIL ACTION (CICA) TO THE WITHIN NAMED DEFENDANT: ABBOTT LABORATORIES, ON JANUARY 27, 2020, TO 100 ABBOTT PARK ROAD, ABBOTT PARK, IL 60064.

01/30/2020   RECEIVED RETURN RECEIPT FOR CERTIFIED MAIL, DELIVERED ON 1/30/2020, SIGNED ALTHOUGH NOT LEGIBLE, ATTACHED HERETO.

SHERIFF COST: $34.05

SO ANSWERS,

February 05, 2020

RICHARD P KEUERLEBER, SHERIFF

# EXHIBIT

# B

## IN THE COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA

MATTHEW CONLEY and CANDI
CONLEY,

            Plaintiffs,

      v.

ABBOTT LABORATORIES,

            Defendant.

Case No.: 2020-SU-000236

**CIVIL ACTION – LAW**

### DEFENDANT'S NOTICE OF REMOVAL

In compliance with 28 U.S.C. § 1446, Defendant Abbott Laboratories, by and through its undersigned counsel, advise this Court that this matter has been removed to the United States District Court for the Middle District of Pennsylvania. A copy of the Notice of Removal filed in the District Court is attached hereto as **Exhibit A**.

Dated: February 17, 2020

**REED SMITH LLP**

/s/ William J. McDonough
William J. McDonough, PA BAR # 79713
Three Logan Square
1717 Market Street
Suite 3100
Philadelphia, PA 19103
Phone: 215-851-8281
Facsimile: 215-851-1420
E-mail:  wmcdonough@reedsmith.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 17, 2020, a true and correct copy of the

foregoing Notice of Removal was filed with the Court on this date and the following parties and

counsel of record were served via First Class U.S. Mail:


**LAW OFFICES OF DALEE. ANSTINE, P.C.**
Thomas P. Lang, Esquire
Attorney I.D. #65481
Two West Market Street
P.O. Box 952
York, PA 17405
(717) 846 - 0606
tlang@4anstine.com


**REED SMITH LLP**

/s/ William J. McDonough
William J. McDonough, PA BAR # 79713
Three Logan Square
1717 Arch Street
Suite 3100
Philadelphia, PA 19103
Phone: 215-851-8281
Facsimile: 215-851-1420
E-mail: wmcdonough@reedsmith.com

*Counsel for Defendant*

# EXHIBIT

# C

Comprehensive Report



**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state´s Department of State. The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:** Civil, Criminal, Administrative, or Arbitral Proceedings
**Your GLBA Permissible Use:** Use by Persons Holding a Legal or Beneficial Interest Relating to the Consumer
**Your DMF Permissible Use:** Legitimate Business Purpose Pursuant to a Law, Government Rule, Regulation, or Fiduciary Duty

# Comprehensive Report

**Date:** 02/04/20
**Reference Code:** 350152/60215/016301

**Report Legend:**
**S** - Shared Address
**D** - Deceased
**✔** - Probable Current Address

**Report processed by:**

ReedSmith LLP
225 5th Street Avenue
Pittsburgh, PA 15219
215-851-8100 Main Phone
412-288-3063 Fax

| Subject Information | AKAs | Indicators |
|---|---|---|

**Subject Information**
**(Best Information for Subject)**
Name: **MATTHEW T CONLEY**
Date of Birth: 4/xx/1981
Age: **38**
SSN: **169-68-xxxx** issued in **Pennsylvania**
between **1/1/1987** and **12/31/1989**

**AKAs**
**(Names Associated with Subject)**

**MATTHEW T CONLEY**
　　Age: **38**　SSN: **169-68-xxxx**
**MATTHEW CONLEY**
　　Age: **38**　SSN: **169-68-xxxx**
　　**Utility Locator - Connect Date:** 9/10/2014
**MATTHEW CONNELY**
　　Age: **38**　SSN: **169-68-xxxx**

**Indicators**

Bankruptcy: **No**
Property: **Yes**
Corporate Affiliations: **No**

**Comprehensive Report Summary:**
　　Bankruptcies:
　　　　None Found
　　Liens and Judgments:
　　　　None Found
　　UCC Filings:
　　　　None Found
　　Phones Plus:
　　　　6 Found
　　People at Work:
　　　　None Found
　　Driver´s License:
　　　　1 Found
　　Address(es) Found:
　　　　0 Verified and 7 Non-Verified Found
　　Possible Properties Owned:
　　　　3 Found

Comprehensive Report

Possible Criminal Records:
  None Found
Sexual Offenses:
  None Found
 Florida Accidents:
  None Found
Professional Licenses:
  None Found
Possible Associates:
  4 Found
DEA Controlled Substances:
  None Found
Possible Relatives:
  1st Degree - 6 Found
  2nd Degree - 14 Found
  3rd Degree - None Found
Neighbors:
  1st Neighborhood - 6 Found
  2nd Neighborhood - 6 Found
  3rd Neighborhood - 6 Found

**Others Associated With Subjects SSN:**
(DOES NOT usually indicate any type of fraud or deception)
  [None Found]

**Address Summary:**

  7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY (Dec 2002 - Jan 2020)
    **Utility Locator - Connect Date:**  9/10/2014
  7659 WOODLAND DR, HANOVER, PA 17362-8507, YORK COUNTY (Nov 2005 - Jan 2006)
    **Utility Locator - Connect Date:**  9/10/2014
  7714 WOODLAND DR, SPRING GROVE, PA 17362-8544, YORK COUNTY (Feb 1999 -  2019)
  7714 WOODLAND DR, HANOVER, PA 17362-8544, YORK COUNTY (Dec 2002 - Oct 2005)
  7707 WOODLAND DR, SPRING GROVE, PA 17362-8622, YORK COUNTY (Apr 1999 - Mar 2003)
  7714 WOODLAND DR, JACKSON, PA 18825, SUSQUEHANNA COUNTY (Dec 2002)
  PO BOX 7707, SPRING GROVE, PA 17362, YORK COUNTY (Jun 1999)

**Active Address(es):**

  [None Found]

**Previous And Non-Verified Address(es):**
  7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY (Dec 2002 - Jan 2020)
    **Utility Locator - Connect Date:**  9/10/2014
    **Name Associated with Address:**
      MATTHEW T CONLEY
        **Current Residents at Address:**
      MATTHEW T CONLEY
      CANDI M CONLEY
      717-739-8132
    **Property Ownership Information for this Address**
      **Property:**
        Parcel Number - 33-000-FE-0218-D0-00000
        Owner Name: MATTHEW T CONLEY
        Owner Name 2: CANDI M CONLEY
        Property Address: - 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY
        Subdivision Name - DWAYNE E & DIANE F CONLEY
        Total Market Value - $129,800
        Assessed Value - $129,800
        Land Value - $40,440
        Improvement Value - $89,360
        Land Size - 48,352 Square Feet

Comprehensive Report

Comprehensive Report

      Year Built - 2008
      Legal Description - LOT 3 BOOK 1698 PAGE 263
      Data Source - A
**Neighborhood Profile (2010 Census)**
      Average Age: 40
      Median Household Income: $78,351
      Median Owner Occupied Home Value: $218,160
      Average Years of Education: 13
7659 WOODLAND DR, HANOVER, PA 17362-8507, YORK COUNTY (Nov 2005 - Jan 2006)
    **Utility Locator - Connect Date:  9/10/2014**
    **Name Associated with Address:**
      MATTHEW CONLEY
      **Current Residents at Address:**
      MATTHEW T CONLEY
      CANDI M CONLEY
      717-632-5732
7714 WOODLAND DR, SPRING GROVE, PA 17362-8544, YORK COUNTY (Feb 1999 -  2019)
    **Name Associated with Address:**
      MATTHEW T CONLEY
      **Current Residents at Address:**
      STEPHANIE R WATSON
      ALEX FRY
      717-632-5732
    **Property Ownership Information for this Address**
    **Property:**
      Parcel Number - 33-000-FE-0218-C0-00000
      Owner Name: MATTHEW T CONLEY
      Property Address: - 7714 WOODLAND DR, SPRING GROVE, PA 17362-8544, YORK COUNTY
      Total Market Value - $53,010
      Assessed Value - $53,010
      Land Value - $38,770
      Improvement Value - $14,240
      Land Size - 34,836 Square Feet
      Year Built - 1981
      Legal Description - LOT 2 PB PP-835
      Data Source - A
    **Neighborhood Profile (2010 Census)**
      Average Age: 40
      Median Household Income: $78,351
      Median Owner Occupied Home Value: $218,160
      Average Years of Education: 13
7714 WOODLAND DR, HANOVER, PA 17362-8544, YORK COUNTY (Dec 2002 - Oct 2005)
    **Name Associated with Address:**
      MATTHEW CONLEY
      **Current Residents at Address:**
      STEPHANIE R WATSON
      ALEX FRY
      717-632-5732
7707 WOODLAND DR, SPRING GROVE, PA 17362-8622, YORK COUNTY (Apr 1999 - Mar 2003)
    **Name Associated with Address:**
      MATTHEW T CONLEY
      **Current Residents at Address:**
      DWAYNE E CONLEY
      DIANE F CONLEY
      717-630-9570
    **Property Ownership Information for this Address**
    **Property:**
      Parcel Number - 33-000-FE-0218-A0-00000
      Book - 1266
      Page - 5910
      Owner Name: DWAYNE E CONLEY
      Owner Name 2: DIANE F CONLEY
      Property Address: - 7707 WOODLAND DR, SPRING GROVE, PA 17362-8622, YORK COUNTY
      Sale Date - 07/08/1996
      Sale Price - $54,500
      Land Usage - SFR
      Total Market Value - $196,130
      Assessed Value - $88,300
      Land Value - $109,830
      Improvement Value - $86,300

Comprehensive Report

           Land Size - 823,284 Square Feet
           Year Built - 1997
           Legal Description - LOT 1 PP PP-835 1698-263
           Data Source - A
       **Neighborhood Profile (2010 Census)**
           Average Age: 40
           Median Household Income: $78,351
           Median Owner Occupied Home Value: $218,160
           Average Years of Education: 13

**7714 WOODLAND DR, JACKSON, PA 18825, SUSQUEHANNA COUNTY (Dec 2002)**
       **Name Associated with Address:**
           MATTHEW T CONLEY
       **Neighborhood Profile (2010 Census)**
           Average Age: 44
           Median Household Income: $56,336
           Median Owner Occupied Home Value: $116,607
           Average Years of Education: 13

**PO BOX 7707, SPRING GROVE, PA 17362, YORK COUNTY (Jun 1999)**
       **Name Associated with Address:**
           MATTHEW T CONLEY
       **Neighborhood Profile (2010 Census)**
           Average Age: 32
           Median Household Income: $42,921
           Median Owner Occupied Home Value: $106,845
           Average Years of Education: 12

**Bankruptcies:**
    [None Found]

**Liens and Judgments:**
    [None Found]

**UCC Filings:**
    [None Found]

**Phones Plus:**   Phone Finder Ultimate
    **Phones Plus1**
    Name: CONLEY, MATTHEW
    Address: 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507
    Phone Number: 717-630-9570 - EST
    Carrier: CENTURYLINK - (HANOVER (YORK), PA)

    **Phones Plus2**
    Name: CONLEY, MATTHEW
    Address: 7707 WOODLAND DR, SPRING GROVE, PA 17362-8622
    Phone Number: 717-630-9570 - EST
    Carrier: CENTURYLINK - (HANOVER (YORK), PA)

    **Phones Plus3**
    Name: CONLEY, MATTHEW
    Address: 7714 WOODLAND DR, SPRING GROVE, PA 17362-8544
    Phone Number: 717-630-9570 - EST
    Carrier: CENTURYLINK - (HANOVER (YORK), PA)

    **Phones Plus4**
    Name: CONLEY, MATTHEW
    Address: 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507
    Phone Number: 717-632-5732 - EST
    Carrier: CENTURYLINK - (HANOVER (YORK), PA)

    **Phones Plus5**
    Name: CONLEY, MATTHEW
    Address: 7714 WOODLAND DR, HANOVER, PA 17331
    Phone Number: 717-632-5732 - EST
    Carrier: CENTURYLINK - (HANOVER (YORK), PA)

Comprehensive Report

**Phones Plus6**
Name: CONLEY, MATTHEW
Address: 7714 WOODLAND DR, SPRING GROVE, PA 17362-8544
Phone Number: 717-632-5732 - EST
Carrier: CENTURYLINK - (HANOVER (YORK), PA)

**People at Work:**
*Maximum 50 People at Work records returned*
[None Found]

**Driver's License Information:**
Name: MATTHEW T CONLEY
DL Number: xxxxxxxx
State: Pennsylvania
License Address: 7707 WOODLAND DR, SPRING GROVE, PA 17362-8622, YORK COUNTY
DOB: 04/xx/1981
Potential SSN : 169-68-xxxx
Data Source: Non-Governmental

**Possible Properties Owned by Subject:**

**Property:**
Parcel Number - 33-000-FE-0218-C0-00000
Owner Name: MATTHEW T CONLEY
Property Address: - 7714 WOODLAND DR, SPRING GROVE, PA 17362-8544, YORK COUNTY
Total Market Value - $53,010
Assessed Value - $53,010
Land Value - $38,770
Improvement Value - $14,240
Land Size - 34,836 Square Feet
Year Built - 1981
Legal Description - LOT 2 PB PP-835
Data Source - A

**Property:**
Parcel Number - 33-000-FE-0218-D0-00000
Owner Name: MATTHEW T CONLEY
Owner Name 2: CANDI M CONLEY
Property Address: - 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY
Subdivision Name - DWAYNE E & DIANE F CONLEY
Total Market Value - $129,800
Assessed Value - $129,800
Land Value - $40,440
Improvement Value - $89,360
Land Size - 48,352 Square Feet
Year Built - 2008
Legal Description - LOT 3 BOOK 1698 PAGE 263
Data Source - A

**Property:**
Parcel Number - 33-000-FE-0218-D0-00000
Book - 2059
Page - 6755
Owner Name: MATTHEW T CONLEY
Owner Name 2: CANDI M CONLEY
Property Address - 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY
Owner Address: 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY
Sale Date - 12/31/2009
Loan Amount - $261,750
Loan Type - CONVENTIONAL
Data Source - A

**Possible Criminal Records:**
[None Found]

Comprehensive Report



**Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. This system should not be relied upon as definitively accurate. Before relying on any data this system supplies, it should be independently verified. For Secretary of State documents, the following data is for information purposes only and is not an official record. Certified copies may be obtained from that individual state's Department of State. The criminal record data in this product or service may include records that have been expunged, sealed, or otherwise have become inaccessible to the public since the date on which the data was last updated or collected.

Accurint does not constitute a "consumer report" as that term is defined in the federal Fair Credit Reporting Act, 15 USC 1681 et seq. (FCRA). Accordingly, Accurint may not be used in whole or in part as a factor in determining eligibility for credit, insurance, employment or another permissible purpose under the FCRA.

**Your DPPA Permissible Use:**  Civil, Criminal, Administrative, or Arbitral Proceedings
**Your GLBA Permissible Use:**  Use by Persons Holding a Legal or Beneficial Interest Relating to the Consumer
**Your DMF Permissible Use:**  Legitimate Business Purpose Pursuant to a Law, Government Rule, Regulation, or Fiduciary Duty

## Comprehensive Report

**Date:** 02/04/20
**Reference Code:** 350152/60215/016301

**Report Legend:**
⑤ - Shared Address
Ⓓ - Deceased
✔ - Probable Current Address

**Report processed by:**

ReedSmith LLP
225 5th Street Avenue
Pittsburgh, PA 15219
215-851-8100 Main Phone
412-288-3063 Fax

| Subject Information | AKAs | Indicators |
|---|---|---|

**Subject Information**
**(Best Information for Subject)**
Name: **CANDI M CONLEY**
Date of Birth: 7/xx/1981
Age: **38**
SSN: **208-66-xxxx** issued in **Pennsylvania** between 1/1/1987 and 12/31/1988

**AKAs**
**(Names Associated with Subject)**

**CANDI M CONLEY**
    Age: **38**   SSN: **208-66-xxxx**
**CANDI CONLEY**
    Age: **38**   SSN: **208-66-xxxx**
    **Utility Locator - Connect Date:** 1/31/2010
**CANDI M LEESE**
    Age: **38**   SSN: **208-66-xxxx**
**CANDI CONNELY**
    Age: **38**   SSN: **208-66-xxxx**

**Indicators**

Bankruptcy: **No**
Property: **Yes**
Corporate Affiliations: **No**

**Comprehensive Report Summary:**
    Bankruptcies:
        None Found
    Liens and Judgments:
        None Found
    UCC Filings:
        None Found
    Phones Plus:
        3 Found
    People at Work:
        None Found
    Driver's License:
        1 Found
    Address(es) Found:
        0 Verified and 5 Non-Verified Found

Comprehensive Report

Possible Properties Owned:
  2 Found
Possible Criminal Records:
  None Found
Sexual Offenses:
  None Found
 Florida Accidents:
  None Found
Professional Licenses:
  None Found
Possible Associates:
  3 Found
DEA Controlled Substances:
  None Found
Possible Relatives:
   1st Degree - 7 Found
   2nd Degree - 10 Found
   3rd Degree - 3 Found
Neighbors:
   1st Neighborhood - 6 Found
   2nd Neighborhood - 6 Found
   3rd Neighborhood - 5 Found

**Others Associated With Subjects SSN:**
(DOES NOT usually indicate any type of fraud or deception)
   JOHN E WRIGHT
   208-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN WRIGHT 3
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN WRIGHT
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN E WRIGHT III
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN E WRIGHT 3  DOB: 1987
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN EARL WRIGHT 3  DOB: 1987
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN WRIGHT III
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN C WRIGHT 3  DOB: 1987
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN U WRIGHT 3  DOB: 1987
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   JOHN EARL WRIGHT  DOB: 1987
   205-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988
   EUGENIA BAUTISTA  DOB: 6/xx/1979
   208-66-xxxx issued in Pennsylvania  between  1/1/1987  and  12/31/1988

**Address Summary:**

   7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY (May 2005 - Jan 2020)
      **Utility Locator - Connect Date:**  1/31/2010
   7659 WOODLAND DR, HANOVER, PA 17362-8507, YORK COUNTY (Nov 2005 - Jan 2006)
      **Utility Locator - Connect Date:**  1/31/2010
   7714 WOODLAND DR, SPRING GROVE, PA 17362-8544, YORK COUNTY (Feb 2003 - Mar 2008)
   898 EDGEGROVE RD, HANOVER, PA 17331-8955, ADAMS COUNTY (Apr 2000 - Dec 2001)
   180 B 24 SCHOOLHOUSE RD, THOMASVILLE, PA 17364, YORK COUNTY (May 2000 - Dec 2000)

**Active Address(es):**

      [None Found]

Comprehensive Report

**Previous And Non-Verified Address(es):**
  7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY (May 2005 - Jan 2020)
    **Utility Locator - Connect Date:**   1/31/2010
    **Name Associated with Address:**
      CANDI M CONLEY
      **Current Residents at Address:**
      MATTHEW T CONLEY
      CANDI M CONLEY
      717-739-8132
    **Property Ownership Information for this Address**
      **Property:**
        Parcel Number - 33-000-FE-0218-D0-00000
        Owner Name: CANDI M CONLEY
        Owner Name 2: MATTHEW T CONLEY
        Property Address: - 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY
        Subdivision Name - DWAYNE E & DIANE F CONLEY
        Total Market Value - $129,800
        Assessed Value - $129,800
        Land Value - $40,440
        Improvement Value - $89,360
        Land Size - 48,352 Square Feet
        Year Built - 2008
        Legal Description - LOT 3 BOOK 1698 PAGE 263
        Data Source - A
    **Neighborhood Profile (2010 Census)**
      Average Age: 40
      Median Household Income: $78,351
      Median Owner Occupied Home Value: $218,160
      Average Years of Education: 13
  7659 WOODLAND DR, HANOVER, PA 17362-8507, YORK COUNTY (Nov 2005 - Jan 2006)
    **Utility Locator - Connect Date:**   1/31/2010
    **Name Associated with Address:**
      CANDI CONLEY
      **Current Residents at Address:**
      MATTHEW T CONLEY
      CANDI M CONLEY
      717-632-5732
  7714 WOODLAND DR, SPRING GROVE, PA 17362-8544, YORK COUNTY (Feb 2003 - Mar 2008)
    **Name Associated with Address:**
      CANDI M CONLEY
      **Current Residents at Address:**
      STEPHANIE R WATSON
      ALEX FRY
      717-632-9637
    **Property Ownership Information for this Address**
      **Property:**
        Parcel Number - 33-000-FE-0218-C0-00000
        Owner Name: MATTHEW T CONLEY
        Property Address: - 7714 WOODLAND DR, SPRING GROVE, PA 17362-8544, YORK COUNTY
        Total Market Value - $53,010
        Assessed Value - $53,010
        Land Value - $38,770
        Improvement Value - $14,240
        Land Size - 34,836 Square Feet
        Year Built - 1981
        Legal Description - LOT 2 PB PP-835
        Data Source - A
    **Neighborhood Profile (2010 Census)**
      Average Age: 40
      Median Household Income: $78,351
      Median Owner Occupied Home Value: $218,160
      Average Years of Education: 13
  898 EDGEGROVE RD, HANOVER, PA 17331-8955, ADAMS COUNTY (Apr 2000 - Dec 2001)
    **Name Associated with Address:**
      CANDI M LEESE
      **Current Residents at Address:**
      KANDI L RHODES
      DAVID E TOPPER JR
    **Property Ownership Information for this Address**
      **Property:**

# Comprehensive Report

Parcel Number - 08-K13-0039-000
Owner Name: JOHN E SCHOLL
Owner Name 2: GERTRUDE C SCHOLL
Property Address: - 898 EDGEGROVE RD, HANOVER, PA 17331-8955, ADAMS COUNTY
Assessed Value - $127,200
Land Size - 25,265 Square Feet
Year Built - 1970
Data Source - A

**Neighborhood Profile (2010 Census)**
Average Age: 38
Median Household Income: $68,432
Median Owner Occupied Home Value: $173,214
Average Years of Education: 12

180 B 24 SCHOOLHOUSE RD, THOMASVILLE, PA 17364, YORK COUNTY (May 2000 - Dec 2000)

**Name Associated with Address:**
CANDI M LEESE

**Neighborhood Profile (2010 Census)**
Average Age: 42
Median Household Income: $67,912
Median Owner Occupied Home Value: $197,743
Average Years of Education: 13

**Bankruptcies:**
[None Found]

**Liens and Judgments:**
[None Found]

**UCC Filings:**
[None Found]

**Phones Plus:**   Phone Finder Ultimate
**Phones Plus1**
Name: CONLEY, CANDI
Address: 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507
Phone Number:  717-630-9570 - EST
Carrier: CENTURYLINK - (HANOVER (YORK), PA)

**Phones Plus2**
Name: CONLEY, CANDL
Address: 7707 WOODLAND DR, SPRING GROVE, PA 17362-8622
Phone Number:  717-630-9570 - EST
Phone Type: Residential
Carrier: CENTURYLINK - (HANOVER (YORK), PA)

**Phones Plus3**
Name: CONLEY, CANDI
Address: 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507
Phone Number:  717-632-5732 - EST
Carrier: CENTURYLINK - (HANOVER (YORK), PA)

**People at Work:**
*Maximum 50 People at Work records returned*
[None Found]

**Driver's License Information:**
Name: CANDI M LEESE
DL Number: xxxxxxxx
State: Pennsylvania
License Address: 898 EDGEGROVE RD, HANOVER, PA 17331-8955, ADAMS COUNTY
DOB: 07/xx/1981
Potential SSN : 208-66-xxxx
Data Source: Non-Governmental

Comprehensive Report

**Possible Properties Owned by Subject:**

**Property:**
Parcel Number - 33-000-FE-0218-D0-00000
Owner Name: CANDI M CONLEY
Owner Name 2: MATTHEW T CONLEY
Property Address: - 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY
Subdivision Name - DWAYNE E & DIANE F CONLEY
Total Market Value - $129,800
Assessed Value - $129,800
Land Value - $40,440
Improvement Value - $89,360
Land Size - 48,352 Square Feet
Year Built - 2008
Legal Description - LOT 3 BOOK 1698 PAGE 263
Data Source - A

**Property:**
Parcel Number - 33-000-FE-0218-D0-00000
Book - 2059
Page - 6755
Owner Name: CANDI M CONLEY
Owner Name 2: MATTHEW T CONLEY
Property Address - 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY
Owner Address: 7659 WOODLAND DR, SPRING GROVE, PA 17362-8507, YORK COUNTY
Sale Date - 12/31/2009
Loan Amount - $261,750
Loan Type - CONVENTIONAL
Data Source - A

**Possible Criminal Records:**
[None Found]

**Sexual Offenses:**
[None Found]

**Florida Accidents:**
[None Found]

**Professional License(s):**
[None Found]

**Firearms and Explosives:**
[None Found]

**DEA Controlled Substances:**
[None Found]

**Possible Associates:**
TINA LOUISE WATSON  DOB: 10/xx/1959
176-46-xxxx issued in Pennsylvania  between  1/1/1969  and  12/31/1971

**Names Associated with Associate:**
LINA L WATSON  DOB: 10/xx/1959
176-46-xxxx issued in Pennsylvania  between  1/1/1969  and  12/31/1971

**Previous And Non-Verified Address(es):**
312 N FRANKLIN ST, HANOVER, PA 17331-2424, YORK COUNTY (Oct 1997 - 2019)
PO BOX 257, HANOVER, PA 17331-0257, YORK COUNTY (Feb 1986 - 2015)
7714 WOODLAND DR, SPRING GROVE, PA 17362-8544, YORK COUNTY (Sep 2006 - Oct 2006)
298 COUNTRY CLUB RD, ABBOTTSTOWN, PA 17301-9797, ADAMS COUNTY (Apr 1987 - Jan 2003)
PO BOX 272, ABBOTTSTOWN, PA 17301-0272, ADAMS COUNTY (Feb 1986 - Jan 2003)
4431 YORK RD, NEW OXFORD, PA 17350-9404, ADAMS COUNTY (Feb 1986 - Jan 2003)
HANOVER PA, HANOVER, PA 17331, YORK COUNTY (Nov 2000)
PO BOX 27, ABBOTTSTOWN, PA 17301-0027, ADAMS COUNTY (Oct 1992 - Mar 1998)
4432 YORK RD, NEW OXFORD, PA 17350-9439, ADAMS COUNTY (Aug 1996)
4431 YORK RD, HANOVER, PA 17331, YORK COUNTY (Mar 1996)

# EXHIBIT

# D



# FIND VOTER REGISTRATION STATUS

**MATTHEW THERON CONLEY** (Date of Birth: 04/21/1981) is registered to vote in **YORK** County

**Status :** ACTIVE

**Party :** REPUBLICAN

Your voting districts for the upcoming election are listed below, which reflect the new congressional district boundaries.

**United States Congress :** 11TH CONGRESSIONAL DISTRICT

**State Senate :** 31ST SENATORIAL DISTRICT

**State House :** 196TH LEGISLATIVE DISTRICT

If you have any questions about your voter record or voting districts, you may find county election office contact information at www.votespa.com/county (https://www.votespa.com/Resources/Pages/Contact-Your-Election-Officials.aspx#googtrans(en))
If you need to update your voter registration, please visit register.votespa.com (https://www.pavoterservices.state.pa.us/Pages/VoterRegistrationApplication.aspx) and submit an online voter registration application.

Polling Place Address for JACKSON - 1ST DISTRICT

    NASHVILLE VOLUNTEER FIRE CO. NO.1
    116 NASHVILLE BLVD
    SPRING GROVE, PA  17362
Polling Place Accessibility



Accessibility Criteria (AccessibilityCriteria.aspx?LanguageCode=en-US)
**Directions to Your Polling Place Location**
Please enter the starting address and click the button below to retrieve the directions to your polling place.

**Address:**

[                                                                    ]

**City**

[                                                                    ]

**State:**

[ Pennsylvania                                                    ▼ ]

**Zip Code**

[                                                                    ]

[ Get Directions from Here to Polling Place ]

This website is compatible with the following browsers: 



# FIND VOTER REGISTRATION STATUS

**CANDI M CONLEY** (Date of Birth: 07/02/1981) is registered to vote in **YORK** County

**Status :** ACTIVE

**Party :** REPUBLICAN

Your voting districts for the upcoming election are listed below, which reflect the new congressional district boundaries.

**United States Congress :** 11TH CONGRESSIONAL DISTRICT

**State Senate :** 31ST SENATORIAL DISTRICT

**State House :** 196TH LEGISLATIVE DISTRICT

If you have any questions about your voter record or voting districts, you may find county election office contact information at www.votespa.com/county (https://www.votespa.com/Resources/Pages/Contact-Your-Election-Officials.aspx#googtrans(en))
If you need to update your voter registration, please visit register.votespa.com (https://www.pavoterservices.state.pa.us/Pages/VoterRegistrationApplication.aspx) and submit an online voter registration application.


Polling Place Address for JACKSON - 1ST DISTRICT

   NASHVILLE VOLUNTEER FIRE CO. NO.1
   116 NASHVILLE BLVD
   SPRING GROVE, PA  17362
Polling Place Accessibility



Accessibility Criteria (AccessibilityCriteria.aspx?LanguageCode=en-US)
**Directions to Your Polling Place Location**
Please enter the starting address and click the button below to retrieve the directions to your polling place.

**Address:**

_____

**City**

_____

**State:**

| Pennsylvania                                                  ▼ |

**Zip Code**

_____

Get Directions from Here to Polling Place

This website is compatible with the following browsers: